1  STEIN & LUBIN LLP
   Jonathan Sommer (SBN 209179)
2  600 Montgomery Street, 14th Floor
   San Francisco, CA 94111
3  Telephone:    (415) 981-0550
   Facsimile:    (415) 981-4343
4  jsommer@steinlubin.com

5  Attorneys for Defendant
   MOMENTOUS.CA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MORRISON & FOERSTER LLP,<br><br>    Plaintiff,<br><br>v.<br><br>MOMENTOUS.CA CORPORATION,<br><br>    Defendant. | Case No. 07-6361 EMC<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM**<br><br>Date:      February 20, 2008<br>Time:      10:30 a.m.<br>Judge:     Hon. Edward M. Chen<br>Location:  15th Floor, Courtroom C |

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | ISSUES TO BE DECIDED | 3 |
| III. | FACTUAL BACKGROUND | 4 |
| | A. Momentous' Business Is Located in Canada | 4 |
| | B. Momentous' Former Membership in CFIT | 4 |
| | C. Morrison & Foerster's Engagement Letter for CFIT | 5 |
| | D. Subsequent Billing Statements and Expert Retention Letter for CFIT | 6 |
| | E. The Continuing CFIT Litigation and Momentous' Withdrawal from CFIT | 6 |
| | F. Morrison & Foerster's Filing of This Lawsuit Against Momentous, Not CFIT | 7 |
| IV. | ARGUMENT | 7 |
| | A. Momentous is not subject to jurisdiction in California | 7 |
| |     1. No General Jurisdiction | 7 |
| |     2. No Specific Jurisdiction | 8 |
| | B. Momentous was not served with process in compliance with the Hague Convention | 10 |
| | C. The complaint fails to state a claim | 10 |
| V. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Alderman v. Hamilton*, 205 Cal. App. 3d 1033 (1988)......................................................................13

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848 (9th Cir. 1993) ..................................8

*Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082 (9th Cir. 2000) ..................7, 8

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994)..................................................................................11

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ............................................................................10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).....................................................................9

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997)........................................................8

*Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299 (9th Cir. 1986) ...............................................7

*In re County of Orange*, 241 B.R. 212 (C.D. Cal. 1999).................................................................12

*Kott v. Superior Ct.*, 45 Cal. App. 4th 1126 (1996)..........................................................................10

*Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737 (1st Cir. 1985)............................................10

*Neal v. Bank of America*, 93 Cal. App. 2d 678 (1949) ...............................................................10, 12

*Otworth v. Southern Pac. Transp. Co.*, 166 Cal. App. 3d 452 (1985)..............................10, 11, 12

*Phillips v. Worldwide Internet Solutions*, 2006 WL 1709189
    (N.D. Cal. June 20, 2006) .................................................................................................................8

*Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993).....................................................................8

*Severson & Werson v. Bolinger*, 235 Cal. App. 3d 1569 (1991)....................................................13

*Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750 (7th Cir. 2002)..............12

**Statutes**

Cal. Code Civ. Proc. § 413.10(c).........................................................................................................10

Fed. R. Civ. P. 12(b)(2) ..........................................................................................................................1

Fed. R. Civ. P. 12(b)(5) ....................................................................................................................1, 10

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................................1

Fed. R. Civ. P. 4(h)(2) ..........................................................................................................................10

Fed. R. Civ. P. 4(m)..............................................................................................................................10

Fed. R. Evid. § 201(b), (d)...................................................................................................................11

**Rules**

California Rule of Professional Conduct 3-310(C) ....................................................................3, 13

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that the motion of defendant Momentous.ca Corporation ("Momentous") to dismiss the complaint filed by plaintiff Morrison & Foerster LLP ("Morrison & Foerster") for lack of personal jurisdiction, insufficient service of process, and failure to state a claim will be brought for hearing before the Honorable Edward M. Chen, Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, at 10:30 a.m. on February 20, 2008, or at any other time the Court deems appropriate. The motion is based on this notice, the accompanying memorandum of points and authorities, the supporting declarations, and on all pleadings, files and records in this action.

**STATEMENT OF RELIEF REQUESTED**

Pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6), Momentous moves to dismiss the complaint filed by Morrison & Foerster for lack of personal jurisdiction, insufficient service of process, and failure to state a claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.
## INTRODUCTION

On November 28, 2005, Morrison & Foerster filed a lawsuit on behalf of the Coalition for ICANN Transparency Inc. ("CFIT") against Verisign, Inc. ("Versign") and the Internet Corporation for Assigned Names and Numbers ("ICANN"). CFIT is a Delaware corporation organized to promote the interests of its member businesses by seeking a competitive and fair market for domain name registry services, including by means of the lawsuit against Verisign and ICANN. The lawsuit generally concerns anticompetitive conduct in the marketplace for the registration of domain names. On March 10, 2006, Cathcart, Collins & Kneafsey LLP substituted in for Morrison & Foerster as counsel for CFIT. The case is still being litigated and is currently on appeal to the United States Court of Appeals for the Ninth Circuit.

On November 1, 2007, Morrison & Foerster filed this lawsuit for unpaid legal fees in the Superior Court for the County of San Francisco. Evidently, the law firm was unable to collect its fees from CFIT. Rather than sue CFIT, however, Morrison & Foerster sued Momentous. Momentous has apparently been targeted because Momentous was one of the supporting members of CFIT from its inception until Momentous withdrew from CFIT in September 2006.

Morrison & Foerster's engagement letter specifically identifies CFIT—and CFIT alone—as its client. Morrison & Foerster cannot brush this fact aside and start suing members with whom it had no legal relationship. Momentous was never represented by Morrison & Foerster in the CFIT litigation and was not a party to the CFIT litigation against Verisign and ICANN.

Morrison & Foerster's complaint should be dismissed because (1) Momentous is not subject to jurisdiction in the United States, (2) Momentous was not served with the complaint in compliance with the Hague Convention, and (3) the complaint fails to state a claim.

First, Momentous is not subject to personal jurisdiction based on general or specific jurisdiction. As for general jurisdiction, Momentous has not engaged in the substantial or

continuous and systematic activities necessary to subject it to general jurisdiction. Momentous is a Canadian corporation that is a holding company for various businesses that primarily register domain names. Momentous' employees and offices are in Canada. Momentous does not do business in California. As for specific jurisdiction, Morrison & Foerster's claim for fees arises out of its representation of CFIT, a Delaware corporation, in California. As Momentous was not a party to the litigation and was not represented by Morrison & Foerster, Momentous did not purposefully direct its activities to California. Morrison & Foerster's belated effort to find a new payor in Canada does not subject Momentous to jurisdiction.

Second, Morrison & Foerster did not properly comply with the requirements for serving a Canadian corporation under the Hague Convention. Morrison & Foerster purported to serve the complaint by hand delivering it to Momentous. Personal service is not an authorized method for serving a corporation located outside the United States, and actual receipt of the complaint is irrelevant to the sufficiency of service under the Hague Convention.

Third, Morrison & Foerster's complaint fails to state a claim. The complaint purports to state two causes of action for breach of written contract and common counts. The engagement letter, however, states that Morrison & Foerster will "represent the Coalition for ICANN Transparency." The letter does not refer to any joint representation, and Morrison & Foerster did not obtain any consent to joint representation as would be required by California Rule of Professional Conduct 3-310(C). Morrison & Foerster's bills were paid by CFIT to the extent they were paid. Morrison & Foerster cannot ignore the fact that it freely agreed to look to CFIT for payment, and in fact did so until the filing of this lawsuit. If Morrison & Foerster seeks to recover those fees, it must pursue them from CFIT.

## II.
## ISSUES TO BE DECIDED

A. Whether Momentous is subject to personal jurisdiction in California.

B. Whether Momentous was properly served with process under the Hague Service Convention.

C. Whether Morrison & Foerster has stated claims for breach of contract and common counts where both claims are predicated on an engagement letter between Morrison & Foerster and CFIT, not Momentous.

## III.
## FACTUAL BACKGROUND

### A. Momentous' Business Is Located in Canada

Momentous is a Canadian corporation located in Ottawa, Ontario. Declaration of Rob Hall in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Service of Process and Failure to State a Claim ("Hall Decl."), ¶ 2. All of its employees are in Canada. *Id.* It has no office outside Canada. *Id.* It conducts no business in California. *Id.* It has no agent for service of process in California. *Id.* It holds no license in California. *Id.* It is not incorporated in California. *Id.* Some subsidiaries of Momentous engage in Internet transactions that may occasionally involve California residents; however, Momentous itself does not. *Id.*

Momentous is a holding company for various businesses that primarily register domain names, though Momentous is also the holding company for certain other Internet businesses. *Id.*, ¶ 3.

### B. Momentous' Former Membership in CFIT

Some of Momentous' subsidiaries, including Pool.com Inc. ("Pool.com") were engaged in domain name registration and/or related businesses. *Id.* Pool.com therefore had a natural interest in the fairness and efficiency of the market for domain name registration. *Id.* Pool.com objected to a proposed agreement between ICANN and Verisign that would provide Verisign with anticompetitive advantages. *Id.* ICANN is the body responsible for coordinating the Internet domain name system and operates pursuant to a charter granted to it by the United States Department of Commerce. *See* CFIT Complaint, Ex. A to Hall Decl., ¶ 1. According to the lawsuit that Morrison & Foerster filed on behalf of CFIT, a proposed agreement between ICANN and Verisign would extend Verisign's monopoly control over the .com and .net domain name registries into downstream and adjacent markets. *Id.*, ¶ 3.

Because it had an interest in preserving a competitive market in domain name registration, Momentous assisted in the founding of CFIT as a Delaware nonprofit corporation that would promote the interests of its member businesses by seeking a competitive and fair

market for domain name registry services, including by means of the lawsuit against Verisign and ICANN. Hall Decl., ¶ 4. CFIT also engaged in lobbying efforts in Washington, D.C. *Id.*, ¶ 4.

CFIT was structured as a membership corporation that would be composed of members who were referred to as "supporters." *Id.*, ¶ 6. Momentous was one of the supporters. *Id.* As a membership corporation, the supporters nominated the CFIT officers and directors. *Id.*, ¶ 7. Those officers and directors continued to work out of the respective supporter's offices, *id.*, as would be expected in a membership corporation. Thus, the General Counsel for Momentous, Jennifer Ross-Carriere, became the first Chief Executive Officer of CFIT and worked out of her office at Momentous. *Id.* Other officers of CFIT worked out of the offices of other supporters. *Id.*

C.   **Morrison & Foerster's Engagement Letter for CFIT**

Originally, Morrison & Foerster drafted an engagement letter dated November 11, 2005 that stated in the first sentence that Morrison & Foerster had been engaged "to represent Momentous.ca Corporation in connection with the Coalition for ICANN Transparency ('CFIT')." *See* Ex. B to Hall Decl., at 1. That letter was not signed. Hall Decl., ¶ 8.

This draft engagement letter was revised, and the first sentence was changed to state that Morrison & Foerster had been engaged "to represent the Coalition for ICANN Transparency ('CFIT')." Ex. C to Hall Decl., at 1. Thus, the plain language of the engagement letter now specifically identified CFIT, not Momentous, as the client. Nowhere in the revised engagement letter is there any statement that Momentous will be represented by Morrison & Foerster or any discussion of joint representation.

Regarding conflicts, the original engagement letter stated that "[o]ur agreement to represent you is conditioned upon the understanding that we are free to represent any clients (including your adversaries) ... ." *See* Ex. B to Hall Decl., at 2. The revised engagement letter included this generic language from the original engagement letter, but further added: "Notwithstanding the foregoing, we have agreed that Morrison & Foerster will not represent Verisign and/or ICANN during the term of this engagement in connection with dot com registry issues." *See* Ex. C to Hall Decl., at 3. Thus, the revised engagement letter was tailored to address

1  the specific circumstances of the litigation involving its client, CFIT.

2        Jennifer Ross-Carriere signed and returned the revised engagement letter by
3  facsimile, with a cover sheet titled "CFIT-Engagement Letter." *See* Ex. C to Hall Decl.

4  **D.   Subsequent Billing Statements and Expert Retention Letter for CFIT**

5        The billing statements were directed to CFIT, not Momentous. *See, e.g.*, Ex. D to
6  Hall Decl. (billing statement to CFIT). As shown on the last page of the December invoice, CFIT
7  paid $205,000 for the November invoice. *Id.* CFIT, not Momentous, paid those fees. Hall Decl.,
8  ¶ 10.

9        Not only did Morrison & Foerster prepare an engagement letter for CFIT, it also
10 prepared a retention letter for an expert witness in the case. *See* Ex. E to Hall Decl. In that letter,
11 Morrison & Foerster specifically provided that "payment will be made directly by CFIT, and not
12 by Morrison & Foerster, and the obligation for payment thereof will be that of CFIT." *Id.*, at 2.
13 The draft is dated January 2006 and thus evidences the continued understanding of Morrison &
14 Foerster that CFIT was its client and would pay the bills.

15 **E.   The Continuing CFIT Litigation and Momentous' Withdrawal from CFIT**

16       On March 1, 2006, Morrison & Foerster sent an email to Ms. Ross-Carriere
17 discussing the possibility that "CFIT may hire new counsel." Ex. F to Hall Decl. On March 10,
18 2006, Cathcart, Collins & Kneafsey LLP substituted in as counsel for CFIT in place of Morrison
19 & Foerster LLP. *See* Ex. A to Declaration of Jonathan E. Sommer in Support of Defendant's
20 Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Service of Process and Failure
21 to State a Claim ("Sommer Decl.") (substitution of counsel filing). The case is currently on
22 appeal to the Ninth Circuit. *See* Ex. B to Sommer Decl. (docket report for Ninth Circuit). The
23 appeal was filed on June 28, 2007, and the docket shows that briefing is ongoing. *See id.*

24       Momentous withdrew as a member of CFIT in September 2006. Hall Decl., ¶ 13.
25 Prior to its withdrawal from CFIT, Momentous made all contributions to CFIT that it was
26 required to pay, including contributions for August and September of 2006. *Id.* CFIT has never
27 claimed that Momentous failed to make any contribution that it was required to make as a
28 supporter. *Id.*

**F.   Morrison & Foerster's Filing of This Lawsuit Against Momentous, Not CFIT**

Morrison & Foerster filed this action against Momentous in San Francisco Superior Court on November 1, 2007. *See* Complaint, Ex. G to Hall Decl. Morrison & Foerster has not filed any action against CFIT of which Momentous is aware. *See* Hall Decl., ¶ 15.

Morrison & Foerster hand delivered the complaint to Momentous in Ottawa. *Id.*, ¶ 14. While Momentous has received the complaint, such delivery by hand is improper under the Hague Service Convention. This failure of service is a reflection of a larger point, i.e., that Momentous is a Canadian business that is not subject to personal jurisdiction in the United States.

## IV.
## ARGUMENT

**A.   Momentous is not subject to jurisdiction in California.**

Morrison & Foerster bears the burden of establishing that the Court has jurisdiction over Momentous. *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). If the Court rules based on affidavits and discovery material without holding an evidentiary hearing, then Morrison & Foerster's burden is to make a prima facie showing of personal jurisdiction. *Id.*

**1.   No General Jurisdiction**

Momentous does not have contacts of the sort required for general jurisdiction that "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Stated otherwise, general jurisdiction exists when a defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields*, 796 F.2d at 301. This is a "fairly high standard in practice." *Id.* For example, courts have refused to find general jurisdiction where a contract was negotiated in the forum state or where significant numbers of customers were residents of the forum state. *Id.* In the context of parents and subsidiaries, jurisdictional issues are decided based on the contacts of each corporate entity, and the contacts of affiliated entities are irrelevant. *Id.* at 301-02.

While Morrison & Foerster alleges that it entered into a written contract with Momentous, a single contract is insufficient to establish general jurisdiction. *Id.* at 302 (finding

no jurisdiction where California plaintiff allegedly entered into a contract with insurer and other defendants located abroad). Even if the Court were to consider other factors, the result would be the same. Such factors may include whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Bancroft*, 223 F.3d at 1086. As shown in the Declaration of Rob Hall, these myriad factors also fail to support an exercise of general jurisdiction.

### 2.  **No Specific Jurisdiction**

Notwithstanding Morrison & Foerster's vague and conclusory allegation of a written contract between Momentous and Morrison & Foerster, the engagement letter as well as the actual course of dealing between the parties shows that the Court also lacks specific jurisdiction over Momentous. For specific jurisdiction, Morrison & Foerster must meet each element of a three-part test:

- the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections;

- the claim must be one which arises out of results from the defendant's forum-related activities; and

- exercise of jurisdiction must be reasonable.

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997).

Great care and reserve must be exercised when exercising jurisdiction over a defendant from a foreign nation such as Momentous. *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 852 (9th Cir. 1993); *see also Phillips v. Worldwide Internet Solutions*, 2006 WL 1709189, at * 5, 7 (N.D. Cal. June 20, 2006) (twice citing this concern in refusing to exercise general or personal jurisdiction over Canadian website hosting service). The jurisdictional barrier is thus higher in regard to an alien defendant than against a citizen from a sister state. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).

Momentous did not purposefully avail itself of the privilege of conducting activities in California. What Momentous did do was support CFIT as a member of CFIT; however, CFIT is a separate corporation incorporated in Delaware. A contracting party,

especially a sophisticated party like Morrison & Foerster, cannot decide after the fact that its decision to contract with CFIT was ill-advised absent a guaranty from CFIT's members.

As it has filed a breach of written contract claim, Morrison & Foerster has to argue that the contract alone creates specific jurisdiction. As shown in the section below regarding Morrison & Foerster's failure to state a contract claim, however, Morrison & Foerster's own engagement letter identifies CFIT, not Momentous, as its client. There is no language in Morrison & Foerster's engagement letter regarding joint representation.

Even assuming *arguendo* for personal jurisdiction purposes that Momentous executed a contract with Morrison & Foerster, the Court still would not have personal jurisdiction over Momentous. A defendant's contract with an out-of-state party is not sufficient to establish sufficient minimum contacts in the other party's home forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). The Supreme Court long ago rejected the notion that personal jurisdiction might turn on "mechanical" tests or on "conceptualistic ... theories of the place of contracting or of performance." *Id.* at 478-79. Instead, the Supreme Court has emphasized the need for a "highly realistic" approach that recognizes that a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Id.* at 479. It is these factors--prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing--that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. *Id.*

When employing a highly realistic approach that takes into account the parties' actual course of dealing, it is clear that Momentous did not purposefully avail itself of the California forum. Morrison & Foerster's bills for that litigation were directed to CFIT, not Momentous. Every court paper ever filed in California was on behalf of CFIT, not Momentous. As the only plaintiff in the litigation, CFIT had the right to control the litigation. CFIT continues to litigate that case to this day—<u>without Momentous and without Morrison & Foerster</u>. Morrison & Foerster may wish that it had not agreed to deal with a membership corporation rather than the members, but it did so of its own volition. If it chooses to try to pursue a member now, it must do

so where the member is located, i.e., in Canada.

The case should be dismissed for lack of personal jurisdiction.

B. **Momentous was not served with process in compliance with the Hague Convention.**

Though Morrison & Foerster caused the complaint to be personally delivered to Momentous, personal service is not an authorized method of service under the Hague Service Convention. As Morrison & Foerster did not comply with the Hague Service Convention, the case should be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

Canada is a signatory to the Hague Service Convention, and service of process on a Canadian corporation such as Momentous is therefore controlled by the Hague Convention. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1136 (1996). Failure to comply with the Hague Service Convention procedures voids the service even though it would have been sufficient on a California corporation, including personal service. Cal. Code Civ. Proc. § 413.10(c); *Kott*, 45 Cal. App. 4th at 1135-36. Federal law likewise bars personal service of a corporation outside the United States. Fed. R. Civ. P. 4(h)(2).

Where service of process is insufficient, courts have discretion to dismiss the action or to retain the case but quash service. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (1st Cir. 1985). Although the 120-day time limit for service set forth in Fed. R. Civ. P. 4(m) does not apply to service abroad, this time limit is an appropriate guideline for limiting the time for service abroad. *Id.* As the hearing on this motion will be roughly 4 months after the filing of the action, dismissal will be appropriate.

C. **The complaint fails to state a claim.**

Morrison & Foerster asserts two causes of action, one for breach of contract and one for common counts. To state a cause of action for breach of a written contract, the plaintiff must plead the terms of the contract verbatim, or a copy of the contract must be attached or incorporated by reference. *Otworth v. Southern Pac. Transp. Co.*, 166 Cal. App. 3d 452, 458-59 (1985). If a cause of action for breach of written contract fails, a cause of action for common counts based upon the same transaction fails as well. *Neal v. Bank of America*, 93 Cal. App. 2d 678, 681 (1949).

Morrison & Foerster's failure to attach the contract or allege the applicable terms verbatim subjects its claim to dismissal. *Otworth*, 166 Cal. App. 3d at 459. More importantly, however, Morrison & Foerster grossly mischaracterizes the terms of the contract in its cursory statement of its cause of action for breach of written contract, as recited below in its entirety:

> Momentous.ca Corporation (Momentous) engaged Morrison & Foerster LLP, at agreed-upon rates, to perform legal services relating to objections of Momentous and affiliated companies, through an entity to be formed, to a proposed settlement agreement between ICANN (The Internet Corporation for Assigned Names and Numbers) and Verisign. Momentous agreed to pay for this representation.

Complaint, Ex G to Hall Decl., at 3.

Because it is referenced in the complaint, the court is entitled to consider the actual engagement letter. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (court may consider documents referenced in the complaint) (overruled on other grounds). The engagement letter expressly designates CFIT, not Momentous, as the client. There is no mention of Momentous anywhere in the body of the engagement letter. The only place where the word "Momentous" appears is in the address for Jennifer Ross-Carriere, but, as explained in the declaration of Mr. Hall, she did not have a separate CFIT office for herself and regularly worked out of her Momentous office. The mere fact that the letter was transmitted to her at Momentous does not create an agreement between Momentous and Morrison & Foerster. A mailing address does not create a contract, especially in the context of a membership association where the members of the association work at their regular places of business.[1]

The identity of the contracting parties is answered by the engagement letter that Morrison & Foerster drafted, as well as Morrison & Foerster's own invoices, expert retention letter and communications[2]:

> 1. A draft engagement letter stated that Morrison & Foerster would represent Momentous, but Momentous was deleted and CFIT inserted as the client;

---

[1] If the letter were mailed to her at a hotel where Ms. Ross-Carriere were staying, it would not create a contract between the hotel and Morrison & Foerster. The same is true of her incidental use of a Momentous fax cover sheet in which she refers to the attached "CFIT-Engagement Letter."

[2] In addition to the engagement letter, the Court should take judicial notice of Morrison & Foerster's invoices, expert retention letter and communications to Momentous attached to the Declaration of Rob Hall because their accuracy cannot be questioned by Morrison & Foerster. Fed. R. Evid. § 201(b), (d).

2. The first sentence of the engagement letter specifically states that Morrison & Foerster will "represent the Coalition for ICANN Transparency ('CFIT')";

3. In the section titled "Scope of Engagement," Morrison & Foerster reiterates that "you have requested that we represent you." As Morrison and Foerster is representing CFIT, "you" can only mean CFIT;

4. Jennifer Ross-Carriere signed and returned the facsimile under the heading "CFIT-Engagement Letter";

5. There is no language in the engagement letter about joint representation;

6. The invoices were mailed to CFIT;

7. To the extent they were paid, the invoices were paid by CFIT;

8. A subsequent expert retention letter drafted by Morrison & Foerster states that CFIT will retain the expert and be obligated to pay the bills;

9. On March 1, 2006, Morrison & Foerster emailed Jennifer Ross-Carriere about the possibility that "CFIT may hire new counsel";

10. CFIT did retain new counsel and continues to litigate the matter without Momentous' participation.

Morrison & Foerster is simply returning after the fact—after it encountered difficulties collecting from CFIT—and seeking to create a new contract between itself and Momentous.

When the actual written contract contradicts the allegations in the complaint, the terms of the contract trump the allegations in the complaint, and dismissal is proper. See *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754, 758 (7th Cir. 2002). In the specific context of contract and common counts claims where it is apparent that no contract or contractual obligation exists, California courts have sustained demurrers to the complaint. See *Neal*, 93 Cal. 2d at 681-82 (dismissing breach of contract and common counts claims for failure to plead any contract between the parties); *see also Otworth*, 166 Cal. App. 3d at 459 (dismissing contract claim for failing to plead any specific term in contract establishing a contractual obligation). Thus, if the engagement letter does not establish a contract between Morrison & Foerster and Momentous, the complaint should be dismissed.

In determining who are the parties to the engagement letter, the Court must strictly construe the engagement letter against Morrison & Foerster. See *In re County of Orange*, 241 B.R. 212, 221 (C.D. Cal. 1999); *Severson & Werson v. Bolinger*, 235 Cal. App. 3d 1569, 1572

(1991); *Alderman v. Hamilton*, 205 Cal. App. 3d 1033, 1037 (1988) (all holding that attorney-client contracts must be strictly construed against the attorney). When strictly construing the contract against Morrison & Foerster, the inescapable conclusion is that Morrison & Foerster's own engagement letter creates a contract of representation solely between Morrison & Foerster and CFIT. Accordingly, Morrison & Foerster's claim should be dismissed.

There will be no unfairness to Morrison & Foerster. It chose to contract with CFIT. To the extent it was concerned about potential nonpayment from a membership corporation, it could have demanded a written guaranty from Momentous and/or other members of CFIT. None exists. Alternatively, it could have sought to enlist Momentous as a joint client. If Morrison & Foerster wanted to undertake joint representation, it would have issued a joint representation letter for which Morrison & Foerster (like every large firm) undoubtedly has a form on its system. Such a joint representation letter would have included a conflicts waiver from Momentous regarding the potential conflicts arising from joint representation as required by Rule 3-310. Rule 3-310(C)(1) of the California Rules of Profession Conduct states: "A member shall not, without the informed written consent of each client: (1) Accept representation of more than one client in a matter in which the interest of the clients potentially conflict … ." Morrison & Foerster did not obtain a conflict waiver because it was not agreeing to represent two clients, but rather CFIT alone.

Having freely chosen to represent CFIT, Morrison & Foerster must collect from CFIT. The complaint should be dismissed for failure to state a claim.

## V.
## CONCLUSION

For the foregoing reasons, the Court should dismiss the action for lack of personal jurisdiction. To the extent that the action is not dismissed for lack of personal jurisdiction, it should be dismissed for insufficient process and failure to state a claim.

1 | January 15, 2008                    STEIN & LUBIN LLP

                                   By:  _____/s/_____
                                   Jonathan Sommer
                                   Attorneys for Defendant
                                   MOMENTOUS.CA CORPORATION