STEIN & LUBIN LLP
Jonathan Sommer (SBN 209179)
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
jsommer@steinlubin.com

Attorneys for Defendant
MOMENTOUS.CA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MORRISON & FOERSTER LLP,<br><br>Plaintiff,<br><br>v.<br><br>MOMENTOUS.CA CORPORATION,<br><br>Defendant. | Case No. 07-6361 EMC<br><br>**DECLARATION OF ROB HALL IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM**<br><br>Date: February 20, 2008<br>Time: 10:30 a.m.<br>Judge: Hon. Edward M. Chen<br>Location: 15th Floor, Courtroom C |

1. I am the President of Momentous.ca Corporation ("Momentous"). I have personal knowledge of the matters stated in this declaration and, if called upon as a witness, could and would testify competently to them.

2. Momentous is a Canadian corporation located in Ottawa, Ontario. All of its employees are in Canada. It has no office outside Canada. It conducts no business in California. It has no agent for service of process in California. It holds no license in California. It is not incorporated in California. Some subsidiaries of Momentous engage in Internet transactions that may occasionally involve California residents; however, Momentous itself does

1  not.

2  3. Momentous is a holding company for various businesses that primarily register domain names, though Momentous is also the holding company for certain other Internet businesses. Some of Momentous' subsidiaries, including Pool.com Inc. ("Pool.com") were engaged in domain name registration and/or related businesses. Pool.com therefore had a natural interest in the fairness and efficiency of the market for domain name registration. Pool.com objected to a proposed agreement between ICANN and Verisign that would provide Verisign with anticompetitive advantages.

4. Because it had an interest in preserving a competitive market in domain name registration, Momentous assisted in the founding of the Coalition for ICANN Transparency Inc. ("CFIT") as a Delaware nonprofit corporation that would promote the interests of its member businesses by seeking a competitive and fair market for domain name registry services, including by means of a lawsuit against Verisign and ICANN. CFIT also engaged in lobbying efforts in Washington, D.C.

5. CFIT filed a lawsuit in the United States District Court for the Northern District of California, Case No. 05-4826 RMW (PVT), styled *Coalition for ICANN Transparency Inc. v. Verisign, Inc. and Internet Corporation for Assigned Names and Numbers*. A true and correct copy of CFIT's complaint is attached hereto as Exhibit A. Momentous never agreed to pay Morrison & Foerster's fees in connection with this litigation.

6. CFIT was structured as a membership corporation that would be composed of members who were referred to as "supporters." Momentous was one of the supporters.

7. As a membership corporation, the supporters nominated the CFIT officers and directors. Those officers and directors typically continued to work out of the respective supporter's offices. The General Counsel for Momentous, Jennifer Ross-Carriere, became the first Chief Executive Officer of CFIT and worked out of her office at Momentous. Other officers and directors of CFIT worked out of the offices of other supporters.

8. Morrison & Foerster drafted an engagement letter dated November 11, 2005 that stated in the first sentence that Morrison & Foerster had been engaged "to represent

Momentous.ca Corporation in connection with the Coalition for ICANN Transparency ('CFIT')." A true and correct copy of that draft engagement letter is attached hereto as Exhibit B. That letter was not signed.

9. This draft engagement letter was revised, and the first sentence was changed to state that Morrison & Foerster had been engaged "to represent the Coalition for ICANN Transparency ('CFIT')." This revised engagement letter specifying CFIT as the client was signed. A true and correct copy of the revised engagement letter and accompanying cover sheet is attached hereto as Exhibit C. Momentous never entered into any contract with Morrison & Foerster regarding the CFIT litigation.

10. The billing statements were directed to CFIT, not Momentous. A true and correct copy of the December invoice is attached hereto as Exhibit D (the privileged time entries are redacted). As shown on the last page of the December invoice, CFIT paid $205,000 for the November invoice. CFIT, not Momentous, paid those fees.

11. In January 2006, Morrison & Foerster prepared a draft retention letter for an expert witness who was retained by CFIT to assist with the litigation. A true and correct copy of the draft retention letter is attached hereto as Exhibit E (redacted for privilege). That letter provided that CFIT, not Momentous, would be obligated to pay the expert's fees.

12. On March 1, 2006, Morrison & Foerster sent an email to Ms. Ross-Carriere discussing the possibility that "CFIT may hire new counsel." A true and correct copy of the email is attached hereto as Exhibit F (redacted for privilege). Shortly after, CFIT retained Cathcart, Collins & Kneafsey LLP as its new counsel.

13. Momentous withdrew as a member of CFIT in September 2006. At that time, the CFIT litigation was continuing. Prior to its withdrawal from CFIT, Momentous made all contributions to CFIT that it was required to pay, including contributions for August and September of 2006. CFIT has never claimed that Momentous failed to make any contribution that it was required to make as a supporter.

14. In mid-November 2007, a process server arrived at Momentous' office in Ottawa with a copy of the complaint filed by Morrison & Foerster in San Francisco Superior

Court. A Momentous employee instructed the process server to deliver the complaint to Momentous' outside counsel in Ottawa. A true and correct copy of the complaint delivered to Momentous' counsel is attached hereto as Exhibit G.

15. To the best of my knowledge, Morrison & Foerster has not filed any legal action against CFIT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 15, 2008.

/s/
Rob Hall

I hereby attest that I have on file the original signature for the signature indicated above by a "conformed" signature (/S/) within this efiled document.

/s/
Jonathan Sommer