1  ADLER LAW FIRM
   Joel D. Adler (SBN 52979)
2  Roger T. Ritter (SBN 56039)
   101 Montgomery Street, Suite 2050
3  San Francisco, CA  94104
   Telephone:   (415) 433-5333
4  Facsimile:    (415) 433-5334
   Email:  adlerlaw@adlerlaw.net
5
   Attorneys for Plaintiff
6  MORRISON & FOERSTER LLP

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 | MORRISON & FOERSTER LLP,            | Case No. CV-07-6361 EMC
13 |          Plaintiff,                 | **DECLARATION OF PETER J. PFISTER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM**
14 | v.                                  |
15 | MOMENTOUS.CA CORPORATION,           |
16 |          Defendant.                 |
17                                       | **Date:**      February 20, 2008
                                         | **Time:**      10:30 a.m.
18                                       | **Judge:**     Hon. Edward M. Chen
                                         | **Location:**  15th Floor, Courtroom C
19

20

21      **I, PETER J. PFISTER, declare:**

22      1. I am a partner and former chairman of Morrison & Foerster LLP ("Morrison"),

23 plaintiff herein, and I currently serve as one of its general counsel.  My responsibilities

24 include resolution of fee disputes.  In that capacity I have communicated with

25 representatives of Momentous.ca Corporation ("Momentous"), defendant herein.  I am a

26 percipient witness to the facts set forth in this declaration and if called to testify thereto, I

27 could and would competently do so.

28

8254                                    1                         Case No. CV-07-6361 EMC

DECLARATION OF PETER PFISTER IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

2. In late February 2006 I was asked to assist on issues relating to the failure of Momentous.ca Corporation ("Momentous"), defendant herein, to pay for Morrison's services in litigation and related efforts before the Antitrust Division of the U.S Department of Justice. Rob Hall, CEO of Momentous, was continuing to direct Morrison to take further action both on the litigation and with the Department of Justice, but several bills for past work remained unpaid.

3. On or about March 1, 2006, I spoke by telephone with Jennifer Ross-Carrière, then General Counsel and Director of Policy of Momentous, to discuss specific billing issues that had been identified. After an amicable discussion, Ms. Ross-Carrière told me she understood Morrison's position -- as well as its willingness to make certain adjustments -- and would talk to Rob Hall and get back to me. Ms. Ross-Carrière also agreed that she had earlier promised Jennifer Taylor of Morrison certain specific payments (one of $80,000 and another of $4,500) that had not yet been made, and repeated her understanding that those payments would be made right away. In response to Ms. Ross-Carrière's request, I agreed that Morrison would also be willing to accept payment of the remaining amounts over time (at an agreed-upon payment schedule), for which she expressed appreciation, and she told me she would get back to me with a proposed payment schedule as to those remaining amounts. At no time did she suggest that Momentous was not responsible for payment, or that payments would not be made. During this conversation, I was also informed that another law firm was being considered to handle the litigation matters as which Momentous had engaged Morrison.

4. On or about March 6, 2006, I learned that Ms. Ross-Carrière's employment with Momentous had suddenly ended. I called her at the telephone number she had left and asked with whom I should follow up on any issues that might remain as to the payment of the outstanding bills. She told me I needed to talk to Rob Hall; that he was making the decisions concerning the engagement and any payments to Morrison; and that without his direction, nothing would happen. After Ms. Ross-Carrière's departure

1  Morrison received no material further payment, not even the specific payments she had
2  promised in early 2006.
3      5. At Ms. Ross-Carrière's advice, I called Rob Hall numerous times over the next
4  several months.  He never took or returned any of my calls.
5      6. After further calls and voice-mail messages to Rob Hall went unanswered, on
6  June 8, 2006, I wrote an e-mail message to Mr. Hall that Momentous was obligated to
7  pay the amounts owed to Morrison; I hoped that we could finally discuss and resolve the
8  matter.  I also reminded Mr. Hall in my voice-mail and e-mail messages that Momentous
9  engaged Morrison, specifically induced and directed our work, and had made explicit
10 promises to pay.
11     7. On June 8, 2006, Rob Hall wrote a response to my e-mail of that date, telling
12 me that I should follow up with CFIT with regard to the outstanding bills.  He did
13 conclude in his message that he was willing to discuss the matters further with Jesse
14 Markham, stating: "As I do not know you, I would be happy to speak to Jesse
15 [Markham] on this matter should you need further clarity."  A copy of the June 8, 2006,
16 email exchange is attached hereto as Exhibit A and incorporated herein by reference.  I
17 am informed and believe that Jesse Markham thereafter called and e-mailed Rob Hall
18 with requests to speak further on the matter, and that Mr. Hall never responded to Mr.
19 Markham.
20     8. On October 5, 2006, I called Lilian Opdam, the new General Counsel for
21 Momentous, to make a further effort to determine if an amicable resolution was
22 possible.  Ms. Opdam reported that Rob Hall was now taking the position that
23 Momentous had no obligation to pay the outstanding invoices.  She wanted my view of
24 the basis for Momentous' obligation, requested copies of correspondence and indicated
25 a willingness to discuss the matter.  After some discussion, I agreed to send her copies
26 of correspondence.  I raised one other matter of some concern:  a long-outstanding bill
27 for a professor-consultant, Greg Rosston, the payment of which we had understood Mr.
28

1  Hall to have authorized. I told Ms. Opdam I would send copies of correspondence
2  relating to that consultant, as well.
3      9. On October 10, 2006, I sent Ms. Opdam a letter with substantial
4  correspondence enclosed for her review. A copy of that letter (without its extensive
5  attachments) is attached hereto as Exhibit B and incorporated herein by reference. In
6  that letter I explained in some detail our view that Momentous was obligated to pay the
7  outstanding invoices. I also urged payment of the professor/consultant, Mr. Rosston.
8      10. Over the next month and a half, I tried to get a response from Ms. Opdam to
9  the specific information I provided concerning Momentous' obligation to pay the
10 outstanding bills. Although Ms. Opdam at first indicated a willingness to discuss the
11 matter, on November 27, 2006, Ms. Opdam wrote that "Momentous has no further ties
12 with CFIT, and we believe your questions are best addressed to CFIT." A copy of that
13 letter is attached hereto as Exhibit C and incorporated herein by reference. I am
14 informed and believe that Ms. Opdam is no longer employed at Momentous.
15     11. Despite explicit promises to do so, Momentous never paid even the
16 modest, long-outstanding bill to the professor/consultant, Mr. Rosston (which Morrison
17 ultimately paid), or the specific amounts Ms. Ross-Carrière had promised to pay at the
18 beginning of 2006.
19     12. Morrison's outstanding bills remain unpaid.
20 I declare under penalty of perjury under the laws of the United States of America
21 that the foregoing is true and correct. Executed on January 28, 2008

                                                     /s/
                                Peter J. Pfister, Declarant

1  I hereby attest that I have on file the original signature for the signature
2  indicated above by a "conformed" signature (/s/) within this efiled document.

_____/s/_____<br>
Joel D. Adler