# EXHIBIT A

**Pfister, Peter J.**

| | |
|---|---|
| **From:** | Rob Hall [rob@momentous.com] |
| **Sent:** | June 08, 2006 12:38 PM |
| **To:** | Pfister, Peter J. |
| **Cc:** | John.Berard@zenogroup.com; Markham, Jesse W., Jr.; Taylor, Jennifer Lee (SF); Lilian Opdam |
| **Subject:** | RE: CFIT invoice status |

Mr. Pfister,

I am in receipt of your email below.

I have no knowledge of why you are involved in contacting me.  You seem to have some harsh and threatening words directed at Momentous.ca, which I am shocked at given Momentous.ca Corp. continues to be a client of yours.

I received an email from Jennifer Taylor shortly after our general counsel left in which she implied that I was to be contacted for CFIT matters.  This is incorrect.  I have never been, nor am I now, an officer or director of CFIT.  Please contact them directly.

In the past, Momentous did indeed have a board seat on CFIT.  We no longer do and have not for some time.  I did indeed meet with Jesse Markham and Jennifer Taylor in SFO at the request of CFIT, as you were deposing one of Momentous.ca's staff, Taryn Naidu, that same day.  I believe I also met with Jesse Markham the day of the CFIT sponsored hearings with the DOJ that I was invited to attend on behalf of Momentous.ca.  Indeed, Jessee was a pleasure to meet and conducted himself professionally at all times.

I also understand you have been in direct contact with CFIT, so I am unclear as to why you continue to attempt to contact me.  I am also informed that CFIT has responded to you directly.

As I understand it, your firm has in the past, and continues to represent Momentous.ca Corp. on our US trademark matters, and I believe our account is current with you.  I would agree that to this date, with the exception of your actions, that MOFO has represented Momentous.ca
well in our trademark work.   I would encourage you to do nothing to
change the high opinion we have of your firm.

As I do not know you,  I would be happy to speak to Jesse on this matter
should you need further clarity.   I am in and out of the office for the
next few weeks, as our third daughter was born 3 days ago, and as you can well imagine, I am trying to take some time off to spend with my family.


Yours truly,

Rob Hall
CEO
Momentous.ca Corp.


-----Original Message-----
From: Pfister, Peter J. [mailto:PPfister@mofo.com]
Sent: Thursday, June 08, 2006 3:10 PM
To: Rob Hall
Cc: John.Berard@zenogroup.com; Markham, Jesse W., Jr.; Taylor, Jennifer Lee (SF)
Subject: RE: CFIT invoice status

Dear Rob,

I regret that you have chosen not to call.  I understand from John Berard that Congressional hearings on the underlying matter were scheduled this week in Washington. We all hope that things are going well.

Obviously, Morrison must and will do whatever is necessary to protect its rights to be compensated for its efforts -- rights that the firm clearly has with respect to both CFIT and its members, particularly Momentous, who from the beginning was a client and a direct and primary beneficiary of our work. Indeed, I understand that you personally participated in discussions at our San Francisco offices with Jesse Markham, Jennifer Taylor and others during which you directed what work should be done.

Again, we hope that the meetings and hearings in Washington are going well. Morrison was pleased to assist CFIT and Momentous. The Morrison lawyers involved performed with effectiveness and dedication. We continued to do work in reliance on express promises of payment. On top of that, Jesse and others continued to provide requested assistance, even after you substituted other counsel on the litigation, and during a time in which you failed to honor the promises of payment. In other words, Morrison has handled the matter ably, efficiently -- and honorably. We do not understand the treatment Morrison has received in return.

I make a last request that you please confirm, or ask someone else to confirm on your behalf, CFIT's and Momentous' intentions. I trust that those who sought and received Morrison's assistance knowing of Morrison's reliance on explicit (and subsequently dishonored) promises of payment along the way, are carefully considering the broad consequences to Momentous of failing to resolve this.

Given our prior correspondence, and given the substantial time that has already passed without the courtesy of a response, the record will at least be clear that Morrison has done its best to resolve this amicably.

Thank you.

Peter Pfister