# EXHIBIT B

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

October 10, 2006

Writer's Direct Contact
415.268.7211
PPfister@mofo.com

*By overnight delivery*

Lilian Opdam
General Counsel
Momentous ca.
26 Auriga Drive
Ottawa ON
Canada K2E 8B7

Re:   *Momentous.ca -- Amounts owed to Morrison & Foerster*

Dear Ms. Opdam:

I have thought a lot about our conversation last Thursday concerning the referenced matter. Again, I very much appreciate the time you took to hear me out. It was a meaningful change from being completely ignored over a period of more than six months.

Reflecting on what you said, however, I am not optimistic that we can resolve this matter amicably, as I had long hoped and long attempted to do.

First, I was disturbed when you told me that, since April of this year, Momentous apparently decided no longer to be a supporter of CFIT. We had not been informed of that fact. We certainly did not understand that Momentous intended to wash its hands of any responsibility to pay bills for work it specifically engaged and directed Morrison to perform. Indeed, we continued to do requested work in reliance upon Momentous' promises and representations.

Second, I was even more surprised when you informed me that you have no information whatsoever about the referenced dispute. That is simply not true. As you know, you directly received copies of at least five detailed messages on the matter (copies enclosed). It appears logical to assume from the communications (including the enclosed June 8 communication from Rob Hall to me, with a copy to you) that you have been involved in advising Momentous and Rob Hall. Hence, I assume that Rob Hall forwarded to you messages that preceded and followed the messages directly copied to you. Those messages include precise amounts owed on the outstanding invoices as to which you claimed no knowledge during our conversation on Thursday.

sf-2207052

Why, then, did you tell me that you knew nothing whatsoever about a dispute involving $645,000, and that you knew no one connected with CFIT? Please help me understand what is going on here. As I mentioned, if Momentous has made a final decision to walk away from any obligation to pay the outstanding amounts owed Morrison, we would appreciate clarity -- both as to your decision and your justification.

In that regard, I have tried everything possible to find an avenue to reach an amicable resolution of this matter. Despite the long futility we have experienced in obtaining the courtesy of a response, I told you that I intended to touch base with everyone who could conceivably help toward a resolution; hence, my call to you after receiving no return calls from Rob Hall.[1]

I have not yet given up on the possibility of a resolution. As promised, therefore, I include copies of certain correspondence, much of which you already have.

To that end, I would appreciate your input on the following:

<u>Please explain your apparent conclusion that Momentous has no obligation for the outstanding invoices</u>

I enclose the November 15, 2005, engagement letter with Morrison. The addressee and client is Momentous (at Momentous' address). The signed engagement letter was sent via facsimile from Momentous, on Momentous' letterhead. Jennifer Ross-Carrière signed the engagement letter, not as Chief Executive Officer of CFIT, but as "General Counsel and Director of Policy" of Momentous. (Ms. Ross-Carrière never held that position with CFIT.) Thus, it is quite clear that the "you" in the first sentence of that letter ("you have engaged") refers to Momentous, and that Momentous agreed in this letter to pay for Morrison's representation. Consistent with Momentous' engagement of Morrison, the retainer payment was made by Pool.com.

---

[1] In his June 8 message to me, Rob had indicated a willingness to talk to Jesse Markham on this matter:

> Indeed, Jesse was a pleasure to meet and conducted himself professionally at all times.
>
> As I do not know you, I would be happy to speak to Jesse on this matter should you need further clarity.

Rob did not call Jesse or return any of Jesse's or my calls.

sf-2207052

Lilian Opdam
October 10, 2006
Page Three

Moreover, correspondence makes clear that, also consistent with Momentous' role as Morrison's client and as major funder of CFIT, Rob Hall was deeply involved in directing and managing the litigation efforts in California. I enclose just a sample of such correspondence. For example, Jennifer Ross-Carrière writes to Morrison on January 27, 2005, that Morrison should take Rob Hall's direction as to certain litigation issues arising from the resignation of a Pool.com employee:

> Rob will discuss with you on Monday as to the implications of Tony's resignation, including whether or not he should still be discovered, when we need to tell VeriSign/ICANN and what, if any, actions need to be taken because he is a departing employee of a company that supports the CFIT litigation. Tony's last day has not yet been decided.
>
> Perhaps after you meet with Rob, we could speak and decide where to go from here.

Similarly, at Rob's request, Rob met with the Morrison litigation team in San Francisco in late January 2006 to discuss, in detail, various cost-benefit issues relating to the litigation budget and tasks, and again, Morrison acted in reliance on Rob's directions and instructions. For example, on February 9, 2006, Morrison confirmed various matters discussed at length with Rob Hall and Momentous' CFO, as client and major funder of CFIT, again taking Momentous' direction regarding litigation efforts:

> The majority of the work on the amended complaint has probably already been done as we started immediately after our meeting with Rob last week, but we will not resume work until we hear from the court and speak with you.

Despite Momentous' and CFIT's decision to change counsel, Jesse Markham and others continued to assist as requested on the antitrust issues. As John Berard wrote on May 5, 2006 (in an email forwarded to Rob Hall):

> The session was finally held today. Let me say that there was unanimous praise for your willingness to continue to support CFIT even after the legal work was shifted. The word "admirable" was used.

\* \* \*

sf-2207052

Lilian Opdam
October 10, 2006
Page Four

> I said that a definitive position must be taken on the total
> amount and a payment scheme by Monday on this. I will talk
> to you then.

At no point were we told that Momentous had taken the position that it was no longer obligated to pay anything. Is that really your position now?

<u>Please explain your statement that Momentous stopped being a supporter of CFIT back in April 2006</u>

This surprising statement during our conversation last Thursday clashes with what we understand and have been told. I note in this regard that on July 26, 2006, John Berard told Jesse Markham that there was "more money" available finally to pay Morrison's bills and also a "keen interest" in paying us. There was not much activity at the moment in the litigation or on the lobbying effort. John said that Momentous continued at that time to fund CFIT on a monthly basis and there was money to pay Morrison. John was going to meet in Canada with Rob the following Tuesday.

Jesse explained to John at that time that Morrison regards Momentous as responsible for these bills, and John agreed. As John put it, "Momentous is paying the bills and Rob is obviously calling the shots."

That was at the end of July. Has Momentous or any affiliate paid any CFIT costs since April? Has Momentous announced that it is not and has not since April 2006 been a supporter of CFIT? Could you please provide me documentation relating to this?

<u>Greg Rosston</u>

An individual consultant, Greg Rosston, who had long been promised payment of a modest sum, remains unpaid. No one has stepped forward to take responsibility for resolving this.

I would be grateful if you would do so. I strongly urge you to review the enclosed correspondence related to this matter, which includes past promises to pay. Please call Pat Cathcart if you have any questions. This situation hardly sheds a positive light on Momentous' handling of this matter.

<u>Please preserve all documents</u>

I trust that Momentous has retained and will retain all documents or notes of any kind, including electronic communications and documents, that refer or relate in any way to this matter. This includes all documents relating to any discussions or correspondence within

Lilian Opdam
October 10, 2006
Page Five


Momentous, as well as any communications with CFIT supporters, with Momentous and CFIT counsel, and any public documents that relate in any way to CFIT. I respectfully request that you confirm that no such documents have been destroyed and that all such documents will be retained.

Finally, I respectfully request that you review the correspondence (enclosed and in Momentous' files) and talk to others who were involved. I do not intend to set out here all of what Jennifer Ross-Carrière, John Berard, Jeff Trammell, Jason Eberstein and others have said to us. Suffice it to say that we believe that our position will be strongly supported. That will come out in due time.

As reflected in the enclosed correspondence, I have made quite an effort simply to find someone who was willing to explore whether a reasonable resolution was possible. You turned out to be the last person on my list.

I told you that we litigate only as a last resort, and that we are proud of our ability and willingness to be patient and flexible with clients. All the way back in March, I expressed a willingness not only to discuss the bills but also unequivocally to allow payment over time if that were necessary. Indeed, a proposed schedule for payment was exactly what I understood I would be receiving in March, and I was more than willing to consider any reasonable proposal. I got nothing.

As I told you, I have not given up. If you wish to talk meaningfully, please let me know right away. Once we file, the matter sadly takes a life of its own.

Thank you.

Sincerely,

*[signature]*

Peter J. Pfister

Enclosures

cc:   John Berard (w/encl.) By overnight delivery
      Jason S. Eberstein (w/encl.) By overnight delivery