Court File No.  03-CV- 24621

## SUPERIOR COURT OF JUSTICE

B E T W E E N:

POOL.com INC.

Plaintiff

- and -



INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS

Defendant

## STATEMENT OF CLAIM

**TO THE DEFENDANT INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS**

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a statement of defence in Form 18A prescribed by the rules of court, serve it on the plaintiff's lawyer or, where the plaintiff does not have a lawyer, serve it on the plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this statement of claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your statement of defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a statement of defence, you may serve and file a notice of intent to defend in Form 18B prescribed by the rules of court. This will entitle you to ten more days within which to serve and file your statement of defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU.

If you wish to defend this proceeding but are unable to pay legal fees, legal aid may be available to you by contacting a local Legal Aid office.

July 8ᵗʰ, 2003

Signed by: _____

Local Registrar

Address of court office

161 Elgin Street
Ottawa, Ontario, Canada  K2P 2K1


TO:    Internet Corporation for Assigned Names and Numbers
       4676 Admiralty Way, Suite 330
       Marina del Rey, California 90292 USA

## CLAIM

1.      The plaintiff claims:

(a)     an *ex parte*, interim, interlocutory and permanent injunction restraining the defendant from authorising or enabling the implementation of the Wait List Service referred to herein by Verisign Inc., a current proponent of the service, or by any other proponent of that or any related service;

(b)     a declaration that the purported authorisation by the defendant of the Wait List Service proposed by Verisign Inc. is invalid and without lawful effect;

(c)     a declaration that the conduct of the defendant as it applies to the plaintiff, in the purported authorisation of the Wait List Service amounts to an intentional and wrongful interference with the trade and commercial prospects of the plaintiff;

(d)     an order requiring the defendant to take all steps as may be deemed by this Court to be necessary in order to ensure that the defendant's interference with the trade and commercial prospects of the plaintiff ceases;

(e)     general damages in the amount of $29,000,000USD;

(f)     special damages in an amount to be determined and advised before trial;

(g)     punitive and exemplary damages in the amount of $5,000,000 ;

(h)     costs on the substantial indemnity scale; and

(i)     such further and other relief as to this Court may appear just.

2.       The plaintiff is an Ontario Corporation engaged in the business of operating a backorder service for .com and .net domain names in the Internet registry system (" the Internet Registry System or Registry System") for domain names governed by the defendant. The plaintiff is not a Registrar within the Registry System but it operates through a network of Registrars within the Registry System in competing for the opportunity to assist customers in the registration of domain names that have not been renewed by the owner or owners of such names within the required time and have been dropped or deleted in accordance with the procedures established within the Registry System.

3.       The defendant, the Internet Corporation for Assigned Names and Numbers ("ICANN"), is a non-profit, public benefit corporation under the laws of the State of California. ICANN has the recognised jurisdiction at law to, among other things, accredit Registrars within the Internet Registry System and authorise the establishment of new or revised specifications and policies within the Registry System, subject to the terms and conditions contained in Registrar Accreditation Agreements entered into between ICANN and accredited Registrars from time to time. ICANN carries on business in Ontario and elsewhere.

4.       One such Registrar accredited under a Registrar Accreditation Agreement with ICANN is Network Solutions Inc., a wholly owned subsidiary of VeriSign Inc. VeriSign Inc. is also the registry ("the VeriSign Registry") for the back order service operated by the plaintiff.

5.       VeriSign Inc. is the proponent of a new service, which qualifies under the Accreditation Agreements made between ICANN and various Registrars, as a new or revised specification or policy. This new service is referred to by VeriSign Inc. and ICANN as a Wait List Service ("WLS"). The plaintiff says that by virtue of its conduct as particularised below, ICANN is a proponent or co-proponent of WLS.

6.        Within the VeriSign Registry, over 60 accredited Registrars compete daily for the opportunity to assist customers in obtaining dropped or deleted domain names. An average of over 22,000 domain names are dropped or deleted from the VeriSign Registry each day. Currently, the first Registrar to apply for the domain name after it is deleted succeeds in acquiring the name for its customer. In order to apply for such dropped or deleted names and due to the characteristics of the VeriSign Registry, each of the Registrars sends up to 40 commands per second seeking to register a deleted name. Competition for deleted names is vibrant and intense.

7.        The plaintiff has relationships with three Registrars, and its business plan anticipates having a network of seven or eight Registrars before the end of July, 2003. Within the current system of registration with the VeriSign Registry, the plaintiff's projected revenue derived from each Registrar per day is in excess of $2,000USD. Accordingly, the plaintiff's realistic business plan within the current system anticipates gross revenue of $16,000USD per day or $5.8 million USD over 12 months, assuming a network of no more than eight Registrars. The plaintiff's business plan anticipates contracting with multiples of registrars going forward, and the plaintiff has demonstrated the business acumen and expertise to reasonably do so.

8.        The WLS proposed by ICANN and Verisign Inc. will have the immediate and total effect of ending all competition among Registrars for dropped or deleted domain names, with the effect of destroying the plaintiff's business plan and putting the plaintiff out of business, causing the loss to the plaintiff of a commercial business opportunity and income stream in excess, at a minimum, of $5.8 million USD per year. This loss would be catastrophic, irremediable and irreparable. The WLS will allow any person to take out a back order on any domain at the Registry Level, with the effect that when a domain name is dropped or deleted, it

will pass automatically to the person holding a Wait List Subscription on it. The WLS business plan anticipates that prime names will never drop to the Registrar level, and that the WLS will account for all names worth competing for in the currently operated system.

9.      VeriSign Inc., with the knowledge of ICANN, has contracted with a direct competitor of the plaintiff to operate the WLS on its behalf  This intentional step puts an immediate end to any opportunity, which in any event was slim at best, for the plaintiff to mitigate the impact of or survive the introduction by ICANN of the WLS.

10.      Under the Registrar Accreditation Agreements ("the Agreements"), ICANN has a contractual obligation to follow the established process for the establishment of new and revised specifications and policies. For reasons of its own, which include colluding and conspiring with VeriSign Inc. to create and maintain a monopoly, and in full knowledge of the effect which its decision would have on the plaintiff, ICANN has intentionally determined not to follow these policies but rather to act in breach of them, with the effect that VeriSign Inc. has been authorised to implement the WLS effective as of October 11, 2003. In particular, ICANN has knowingly perpetrated at least the following acts without authority, in order to enable the WLS:

(a)      ICANN has failed to observe contractual terms as to the establishment of a consensus. The WLS is a "Consensus Policy" within the Registrar Accreditation Agreements. The contractual requirements for the establishment of a Consensus Policy are mandatory and ICANN has enabled the WLS without, and directly in the face of, the required two-thirds vote of the council of the ICANN Supporting Organisation as provided for under the Agreements. The ICANN Supporting Council has in fact rejected the WLS and ICANN has wrongfully acted to bypass its wishes; and

(b)    ICANN has failed to allow for and to seek the review of an Independent Review Panel established under its own bylaws, although such a review has been requested. Such a review is material to the determination of whether a deemed consensus has in fact been achieved. In the absence of such a determination, and in the absence of a consensus within the meaning of the Agreements, the WLS has no mandate and its implementation by VeriSign Inc. or by anyone is without authority.

11.    The conduct of ICANN in promoting these breaches, in support of monopolistic practices has been seen to be so egregious in the United States as to warrant the introduction of a Bill in the United States House of Representatives which seeks to examine the conduct of ICANN and which seeks an inquiry directly challenging the authority of ICANN to enable the WLS. The Bill is entitled the "Fair, Transparent and Competitive Naming Act of 2003". Among other remedies, the Bill seeks a moratorium on the introduction of the WLS.

12.    The plaintiff says that ICANN has at all times acted in full knowledge, actual or attributed at law, of at least the following matters or things:

(a)    that its actions are contrary to the letter and the spirit of the Agreements, and in breach of the contractual terms of such Agreements;

(b)    that its actions have enabled the creation of a monopoly in the access to and trade in dropped or deleted domain names,

(c)    that its actions would have the immediate effect, well ahead of October 11, 2003 but certainly as of October 11, 2003, of destroying the business plan of the plaintiff; and

(d)     that this consequence would cause immeasurable loss and irreparable harm to the plaintiff.

13.     ICANN has deliberately acted in the face of and without any or due consideration of these matters or things, which it has deemed to be immaterial in view of its objective of promoting WLS.

14.     The plaintiff says that the conduct of ICANN constitutes an intentional interference with the trade and commercial opportunities of the plaintiff. The plaintiff says that it is entitled to an *ex parte*, interim, interlocutory or permanent injunction restraining ICANN from enabling the WLS. The plaintiff says further that it is entitled to declaratory and mandatory orders in support of this desired relief.

15.     The conduct of ICANN in acting in such a manner as to knowingly interfere with the plaintiff's trade and commercial prospects, to the extent of ignoring its own contractual obligations, cannot be allowed to set a standard for commercial behaviour and is such as to warrant the award of exemplary and punitive damages.

16.     The plaintiff therefore claims the relief set out in paragraph 1 herein.

17.        The plaintiff pleads and relies upon R. 17.02 (g) (h) (i) and (p) of the Rules of Practice in the service of this claim outside of Ontario.

The plaintiff proposes that this action be tried at Ottawa.

July   8  , 2003

**Osler, Hoskin & Harcourt LLP**
Suite 1500, 50 O'Connor Street
Ottawa, Ontario, Canada  K1P 6L2

K. Scott McLean
LSUC#: 16455G

Tel: (613) 787-1029
Fax: (613) 235-2867

Solicitors for the Plaintiff

POOL.com INC.
Plaintiff   and   INTERNET CORPORATION FOR
ASSIGNED NAMES AND NUMBERS
Defendant

Court File No: 03-CV-24621

---

*Ontario*
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at OTTAWA

---

**STATEMENT OF CLAIM.**

---

**Osler, Hoskin & Harcourt LLP**
Suite 1500, 50 O'Connor Street
Ottawa, Ontario, Canada  K1P 6L2

K. Scott McLean  LSUC#: 16455G
Tel: (613) 787-1029
Fax: (613) 235-2867

Solicitors for the Plaintiff

F. 1037529