ADLER LAW FIRM
Joel D. Adler (SBN 52979)
Roger T. Ritter (SBN 56039)
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
Telephone: (415) 433-5333
Facsimile: (415) 433-5334
Email: adlerlaw@adlerlaw.net

Attorneys for Plaintiff
MORRISON & FOERSTER LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MORRISON & FOERSTER LLP,

Plaintiff,

v.

MOMENTOUS.CA CORPORATION,

Defendant.

Case No. CV-07-6361 EMC

**DECLARATION OF JESSE W. MARKHAM, JR., IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM**

**Date:** February 20, 2008
**Time:** 10:30 a.m.
**Judge:** Hon. Edward M. Chen
**Location:** 15th Floor, Courtroom C

**I, JESSE W. MARKHAM, JR., declare:**

1. I am an attorney at law, duly admitted to practice before all courts of the State of California and before this Court. At all times pertinent to the facts set forth in this declaration I was a partner at MORRISON & FOERSTER LLP ("Morrison"), plaintiff herein. I am a percipient witness to the facts set forth in this declaration, as they are within my own personal knowledge, and if called to testify thereto, I could and would competently do so.

2. On or about November 11, 2005, Jennifer Lee Taylor, another Morrison partner, told me that Momentous.ca Corporation ("Momentous'), defendant herein, through its General Counsel and Director of Policy, Jennifer Ross-Carrière, had contacted her to engage Morrison to initiate litigation and lobbying efforts in an attempt to stop an agreement between VeriSign, Inc. ("VeriSign") and the Internet Corporation for Assigned Names and Numbers ("ICANN"), the effect of which was to restrain or eliminate competition in the expired domain name reselling industry.

3. On November 28, 2005, Morrison filed suit against VeriSign and ICANN in the United States District Court for the Northern District of California, San Jose Division, *Coalition for ICANN Transparency, Inc. v. VeriSign, Inc., and Internet Corporation for Assigned Names and Numbers,* Case No.05-4826 RMW (PVT). That suit alleged various causes of action, including violations of the antitrust laws, California Business and Professions Code §17200, the Lanham Act, and intentional interference with prospective economic advantage. The named plaintiff in that suit was a newly-formed entity, the Coalition for ICANN Transparency, Inc. ("CFIT").

4. On or about January 11, 2006, Ms. Ross-Carrière, Rob Hall, the CEO of Momentous, and I attended a meeting at the Department of Justice in Washington, D.C., as part of our lobbying efforts to stop the agreement between VeriSign and ICANN. Mr. Hall attended meetings with me at Morrison's District of Columbia office at which we prepared the presentation to be given to the Department of Justice. Just prior to these meetings I also had a private discussion with Mr. Hall in which we discussed strategy for the litigation against VeriSign and ICANN.

5. On January 30, 2006, Mr. Hall and Taryn Naidu, an employee of Pool.com, a Momentous subsidiary, met with Ms. Taylor, Stuart Plunkett, Esq., and me at Morrison's offices in San Francisco. During that meeting it became clear Mr. Hall disagreed with Ms. Ross-Carrière on certain major issues in the handling of the litigation. Ms. Ross-Carrière had been telling us that she wanted to slow down the pace (and thus the cost) of the litigation, while Mr. Hall told us that he wanted to maintain the pressure.

When Ms. Taylor, Mr. Plunkett and I requested guidance on whose instructions to follow, Mr. Hall said we should follow his instructions on the handling of the litigation. He also asked us to copy him on all communications with Ms. Ross-Carrière going forward so he would be kept apprised of the status of the litigation. We copied him on the next several email communications**.** Shortly before the January 30 meeting, Mr. Hall had told me that he wanted me to "take the lead" on the antitrust issues as the litigation proceeded.

6. On February 8, 2006, Ms. Ross-Carrière sent me an email, with copies to Ms. Taylor and Mr. Plunkett, in which she said that she would call us in approximately ten minutes. She added that "I am including Rob Hall and his CFO on the call as the major funder." A copy of that email is attached hereto as Exhibit A and incorporated herein by reference. However, as I was unavailable, I did not participate in that call.

7. Although Ms. Ross-Carrière referred to Momentous as the "major funder" of the litigation, she never identified any other funder by name. Momentous' role in CFIT was an issue of concern in the litigation, since CFIT's standing was being challenged.

8. Ms. Ross-Carrière acknowledged on numerous occasions that the money for CFIT came from Momentous and she never told me that any money had come from anyone else. She repeatedly promised that Momentous would pay Morrison's bill, but that the funding would come through CFIT and not directly from Momentous. After the bills became delinquent, she said that any further decision regarding payment was up to Rob Hall. Mr. Hall was neither an officer nor a director of CFIT.

9. On May 5, 2006, John Berard of CFIT emailed me, noted both Morrison's and my own willingness to support CFIT even after the legal work was shifted to another law firm and expressed admiration for that willingness. A copy of that email (without attachments) is attached hereto as Exhibit B and incorporated herein by reference.

10. In June 2006, after Morrison's bill remained unpaid, I called and emailed Mr. Hall with requests to discuss the matter. (I had understood from Mr. Berard that Mr. Hall had expressed a willingness to talk with me.) However, Mr. Hall did not return my calls or emails.

11. On July 26, 2006, I again spoke with John Berard, who told me that Momentous was continuing to fund CFIT and so there was money to pay Morrison's bill. I told Mr. Berard that Morrison considered that Momentous was responsible for that bill. He agreed, saying that "Momentous is paying the bills and Rob [Hall] is obviously calling the shots."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2008

/s/
Jesse W. Markham, Jr., Declarant

I hereby attest that I have on file the original signature for the signature indicated above by a "conformed" signature (/s/) within this efiled document.

/s/
Joel D. Adler