# EXHIBIT A

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

www.MOFO.com

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

November 14, 2005

Writer's Direct Contact
415/268-6538
JLeeTaylor@mofo.com

**By Email**

Jennifer Ross-Carriere
Momentous.CA Corporation
43 Auriga Drive
Nepean
Ontario  K1E 7Y8
Canada

Re:    Engagement to Perform Legal Services

Dear Jennifer:

This is to set forth the basic terms upon which you have engaged our firm to represent the
Coalition for ICANN Transparency ("CFIT").

1.    <u>Scope of Engagement</u>.  In general, you have requested that we represent you in
connection with your objections to the proposed ICANN/Verisign settlement agreement and
related issues.  The precise time frame in which these services will be performed cannot
presently be determined.

2.    <u>Billing Policies and Procedures</u>.  We enclose a copy of our Firm's Billing Policies and
Procedures statement which explains the basis of our bills.  This Billing Policies statement
describes the manner in which we compute our fees, the relevance of hourly rates and other
factors used in the determination of a reasonable fee for our services, the payment of
disbursement items, the timing and content of billing statements, and the expected payment
period.  In addition to myself, we currently anticipate that the primary individuals who will
work on this matter are Jesse Markham, Will Stern, Keith Butler, and Kevin Calia.  Our
current hourly billing rates are as follows:

| | |
|---|---|
| Jesse Markham | $600 |
| Will Stern | $500 |
| Jennifer Taylor | $500 |
| Keith Butler | $335 |
| Kevin Calia | $275 |

sf-2033879

**MORRISON | FOERSTER**

Jennifer Ross-Carriere
November 14, 2005
Page Two

You have agreed to deposit promptly with our Firm an advance retainer in the amount of $20,000. This retainer will be held in an interest-bearing trust account on your behalf and will be returned to you at the end of the engagement, or upon our determination, based on your payment history or the scope of the work, that it is no longer required. The Firm, in its discretion as a condition to further work during the course of this engagement or further engagements, may require a further or increased retainer. You further agreed to pay our invoice for November time prior to December 20, 2005.

Subject, of course, to our ethical and professional obligations, you agree that the Firm may terminate its legal services and withdraw from this engagement in the event our fee statements are not paid in a timely manner, which we consider to be within thirty (30) days of receipt. You further agree that in the event a fee statement is not paid within thirty (30) days of issue, the Firm, in its discretion, may apply any retainer to any outstanding balance. You would then be required to deposit replacement funds into your trust account to bring its balance back up to the agreed upon retainer level.

3.   <u>Responding to Subpoenas and Other Requests for Information</u>. In the event we are required to respond to a subpoena or other formal request from a third party or a governmental agency for our records or other information relating to services we have performed for you, or to testify by deposition or otherwise concerning such services, we will first consult with you as to whether you wish to supply the information demanded or assert your attorney-client privilege to the extent you may properly do so. It is understood that you will reimburse us for our time and expense incurred in responding to any such demand, including, but not limited to, time and expense incurred in search and photocopying costs, reviewing documents, appearing at depositions or hearings, and otherwise litigating issues raised by the request.

4.   <u>General Responsibilities of Attorney and Client</u>. Morrison & Foerster will provide the above-described legal services for your benefit, for which you will be billed in the manner set forth above. We will keep you apprised of developments as necessary to perform our services and will consult with you as necessary to ensure the timely, effective and efficient completion of our work.

We understand that you will provide us with such factual information and documents as we require to perform the services, will make any business or technical decisions and determinations as are appropriate to facilitate the completion of our services, and will remit payment of our billing statements within thirty (30) days of receipt, in accordance with the procedures described above.

5.   <u>Waiver of Future Conflicts</u>. Our agreement to represent you is conditioned upon the understanding that we are free to represent any clients (including your adversaries) and to

sf-2033879

**MORRISON | FOERSTER**

Jennifer Ross-Carriere
November 14, 2005
Page Three

take positions adverse to either your company or an affiliate in any matters (whether involving the same substantive areas of law for which you have retained us or some other unrelated areas, and whether involving business transactions, counseling, litigation or otherwise), which do not involve the same factual and legal issues as matters for which you have retained us or may hereafter retain us. In this connection, you should be aware that we provide services on a wide variety of legal subjects, to a large number of clients both in the United States and internationally, some of whom are or may in the future operate in the same areas of business in which you are operating or may operate. (A summary of our current practice areas and the industries in which we represent clients can be found on our web site at www.mofo.com.) Notwithstanding the foregoing, we have agreed that Morrison & Foerster will not represent Verisign and/or ICANN during the term of this engagement in connection with dot com registry issues. You acknowledge that you have had the opportunity to consult with other counsel about the consequences of this waiver.

We are, of course, delighted to be asked to provide legal services to you, and we are looking forward to working with you on this engagement. Should you ever wish to discuss any matter relating to our legal representation, please do not hesitate to call me directly, or to speak to one of our other attorneys who is familiar with the engagement.

While ordinarily we might prefer to choose a less formal method of confirming the terms of our engagement than a written statement such as this, it has been our experience that a letter such as this is useful both to the Firm and to the client. Moreover, in certain instances, the Firm is required by law to memorialize these matters in writing. In any event, we would request that you review this letter and the enclosed Billing Policies statement carefully and, if it comports with your understanding of our respective responsibilities, so indicate by returning a signed copy of this letter to me at your earliest convenience so as not to impede the commencement of work on your behalf. Obviously, if you have any questions concerning these matters, please let me know promptly.

We look forward to serving you and thank you for looking to us to assist you in this matter.

Sincerely,

Jennifer Lee Taylor

Enclosures

sf-2033879

**MORRISON | FOERSTER**

Jennifer Ross-Carriere
November 14, 2005
Page Four


APPROVED AND AGREED TO:


By: _____

Title: General Counsel and Director of Policy

Date: November 15, 2005