ADLER LAW FIRM
Joel D. Adler (SBN 52979)
Roger T. Ritter (SBN 56039)
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
Telephone:   (415) 433-5333
Facsimile:    (415) 433-5334
Email: adlerlaw@adlerlaw.net

Attorneys for Plaintiff
MORRISON & FOERSTER LLP

STEIN & LUBIN LLP
Jonathan Sommer (SBN 209179)
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone:   (415) 981-0550
Facsimile:    (415) 981-4343
jsommer@steinlubin.com

Attorneys for Defendant
MOMENTOUS.CA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MORRISON & FOERSTER LLP,<br><br>Plaintiff,<br><br>v.<br><br>MOMENTOUS.CA CORPORATION,<br><br>Defendant. | Case No. CV-07-6361 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:**        March 19, 2008<br>**Time:**       1:30 p.m.<br>**Judge:**     Hon. Edward M. Chen<br>**Location:**  15th Floor, Courtroom C |

**1. Jurisdiction and Service:**

Plaintiff Morrison & Foerster LLP ("Morrison") filed this action in San Francisco Superior Court. Defendant Momentous.ca Corporation ("Momentous") removed the case to the Northern District of California. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1332 and 1441. Service of the complaint on Momentous has been effected.

Personal jurisdiction is disputed. Defendant Momentous.ca Corporation ("Momentous") moved to dismiss for lack of personal jurisdiction. On March 5, 2008, the Court denied Momentous' motion to dismiss. Momentous will continue to assert lack of personal jurisdiction as a defense.

Morrison & Foerster LLP ("Morrison") will seek leave to amend its complaint to add the Coalition for ICANN Transparency ("CFIT") as an additional defendant. CFIT has not been served.

**2. Facts and Disputed Factual Issues:**

**Morrison's Position:**

This dispute for unpaid attorneys' fees arises from an engagement agreement dated November 15, 2005, by which Morrison agreed to provide legal services to CFIT, an entity that had not yet been formed, at the request of Momentous, an existing client of Morrison, for which it had been doing trademark work for approximately 18 months. The agreement was signed by Jennifer Ross-Carrière, Momentous' General Counsel and Director of Policy, who inserted those titles beneath her signature.

Shortly thereafter, CFIT was incorporated in Delaware and Ms. Ross-Carrière became its CEO. Morrison filed suit and commenced lobbying efforts on behalf of CFIT and sent the first bill to Momentous. It paid that bill through one of its subsidiaries and directed Morrison to send subsequent bills to CFIT, which it did. Several months later, CFIT retained new counsel, leaving Morrison's legal fees unpaid in the principal amount of $624,588.68.

Momentous contends that CFIT as the client was solely responsible for payment, that Momentous was not CFIT's alter ego, and that any ambiguity in the agreement with regard to who was responsible for payment should be construed against Morrison.

Morrison contends that Momentous hired it to represent CFIT and that therefore Momentous is responsible for payment of the balance due. Morrison contends that budget information was exchanged and that it generally provided services within budget. Morrison also contends that Momentous is also liable as CFIT's alter ego and as its promoter.

Morrison further contends that Momentous was the major, if not the exclusive, funder of

the CFIT litigation and lobbying efforts; that this fact was common knowledge in the domain name industry; that Rob Hall, Momentous' CEO, controlled the litigation and the money to pay for it; and that he told Morrison's attorneys to take direction from him and not from Ms. Ross-Carrière. (Mr. Hall was never an officer or director of CFIT.)

Finally, Morrison contends that Momentous repeatedly promised Morrison that it would pay the bill by continuing to fund CFIT so that the latter could pay Morrison.

**Momentous' Position**

Momentous was formerly a member of CFIT, which is a membership corporation intended to represent certain interests of its members. CFIT is litigating claims against ICANN and Verisign, Inc. in the Northern District of California. Morrison agreed to perform legal work for CFIT and agreed to look solely to CFIT for payment. Morrison's own subsequent communications establish this fact. Morrison's billings were grossly excessive, and CFIT decided to change counsel. CFIT apparently did not pay some portion of the invoices.

After CFIT did not pay some portion of the invoices, Morrison sought to recover from a member of CFIT, Momentous, as the apparent "deep pocket." Morrison now claims that Momentous is obligated under a standard attorney-client letter that does not name Momentous as a client, makes no reference to joint representation and does not contain any request for the informed written consent of Momentous or CFIT as to joint representation. CFIT is the client. Morrison inconsistently contends that, if Momentous is not the client, then the letter is some sort of guaranty (not an attorney-client letter) by which Momentous agreed to pay the bills of CFIT as a third-party payor. Morrison did not obtain CFIT's consent to such any sort of guaranty and even alleges that it improperly took direction from Momentous rather than its own client and named party to the underlying litigation, CFIT. The attorney-client letter is not a guaranty. Momentous never agreed, in writing or orally, to pay Morrison's fees.

**3. Legal Issues:**

<u>Morrison's Position:</u>

(1) Whether Momentous is responsible for paying Morrison's bill, either because (a) it retained Morrison and agreed to pay the bill, or (b) because it was CFIT's alter ego, or (c) because it is liable as a promoter, or (d) all of the above.

(2) Whether the engagement agreement was ambiguous, and, if so, whether any such ambiguity should be construed against Morrison. This issue involves the following sub-issues:

    (a) Whether such construction goes to the performance of the contract and not to the identity of the person or persons who are responsible for payment;

    (b) Whether a non-client has standing to assert ambiguity in the contract;

    (c) Whether Momentous caused the ambiguity by changing the name of the client after having received the initial version of the agreement and then signing in the name of its general counsel and director of policy;

    (d) Whether there is extrinsic evidence as to the parties' intent that substantially weighs in favor of the attorney's interpretation;

    (e) Whether the fact that the agent who signed the fee agreement was an attorney is a fact deserving of some consideration; and

    (f) Whether strictly construing the agreement against the attorney in this case would perpetrate an injustice.

(3) Whether there was any violation of California Rules of Professional Conduct, Rule 3-310, and, if so, the consequences of any such violation. This issue involves the following sub-issues:

    (a) Whether compliance with Rule 3-310 was even required under the facts of this case;

    (b) Whether the engagement agreement itself functioned as "informed written consent'" within the meaning of Rule 3-310, especially since it was executed by the same person whose "informed written consent" would have been required;

    (c) Whether "informed written consent" could not have been given at the

beginning of the engagement because CFIT did not yet exist and Momentous, an existing client, asked Morrison to represent an entity not yet formed;

    (d) Whether "informed written consent" was unnecessary because CFIT was the alter ego of Momentous; and,

    (e) Whether a new agreement with an existing client, *i.e.*, Momentous, is the same as a modification.

**Momentous' Position**

1) Whether Momentous is obligated to pay Morrison's legal fees under the disputed attorney-client agreement, which Momentous contends is an attorney-client agreement intended to bind Morrison and CFIT;

2) Whether any other basis exists by which Morrison can seek to obligate Momentous to pay its legal fees;

3) Whether Morrison overbilled CFIT and should not be able to collect unreasonable fees, to the extent it may be allowed to seek fees from Momentous;

4) Whether Morrison should forfeit some or all of its fees under the equitable doctrine of fee forfeiture based on various violations of its ethical obligations, including but not limited to Rules of Professional Conduct 3-310(C), 3-310(F), and 5-200(B), as well as Morrison's general duties of loyalty and confidentiality.

**4. Motions:**

1) This Court denied Momentous' motion to dismiss on March 5, 2008.

2) Morrison will seek leave to amend the complaint to name CFIT as a defendant, to allege as an additional basis for recovery that Momentous is CFIT's alter ego, and to add a new cause of action for promoter liability.

3) Momentous may file a motion for summary judgment at the close of discovery.

## 5. Amendment of Pleadings:

**Morrison's Position**

Morrison intends to amend the complaint by motion to name CFIT as a defendant, to allege as an additional basis for recovery that Momentous is CFIT's alter ego, and to add a new cause of action for promoter liability.

**Momentous' Position**

Momentous does not oppose Morrison joining CFIT as a defendant based on an ordinary contractual claim of nonpayment of fees. Momentous does, however, intend to oppose Morrison's request for leave to file an alter ego claim against CFIT for being an alleged sham entity. First, Morrison represented to the Northern District of California that CFIT was not closely aligned with any one member, and Rule of Professional Conduct 5-200(B) states that a lawyer shall not mislead a judge by an artifice or false statement of fact or law. Second, Morrison owes a duty of confidentiality and loyalty to its former client, CFIT, which is engaged in ongoing litigation against ICANN and Verisign. The Court should not permit Morrison to breach those duties and intentionally harm its former client by seeking to use its former client's confidential information to claim that CFIT is a sham entity while CFIT is pursuing its claims against ICANN and Verisign. Morrison has not indicated that it has obtained CFIT's consent to Morrison's effort to disclose CFIT's confidential information and undermine CFIT's litigation against ICANN and Verisign.

## 6. Evidence Preservation:

The parties have agreed to preserve all relevant evidence and to maintain their respective records so that they will be available for discovery.

## 7. Disclosures:

Morrison's Initial Disclosures are being made concurrently herewith, consisting of the following: (1) the names of those individuals who are likely to have discoverable information that plaintiff may use to support its claims or defenses and the subjects of that information; (2) a signed copy of the engagement agreement; (3) Plaintiff's Billing & Payment Ledger reflecting the receivable balance due and computations of categories of damages claimed by plaintiff; (4)

plaintiff's paid and unpaid invoices; and (5) A listing of categories of documents, including those documents previously provided to defendant in this action and non-privileged correspondence between Morrison, Momentous or CFIT.

Momentous' Initial Disclosures are also being made concurrently, consisting of the names of those individuals who are likely to have discoverable information that plaintiff may use to support its claims or defenses and the subjects of that information; a description by category of all documents in Momentous' possession that Momentous may use to support its claims or defenses, unless solely for impeachment, and any other information required by Fed. R. Civ. P. 26(a)(1).

**8. Discovery:**

No formal discovery has been propounded and no depositions have as yet been taken by either party. Morrison and Momentous anticipate taking customary discovery regarding the claims asserted in the complaint, including depositions of knowledgeable persons and document production.

The parties anticipate a potential dispute regarding the application of the attorney-client privilege to communications involving Ms. Ross-Carrière, who served as CEO of CFIT and General Counsel of Momentous at various times.

**9. Class Actions:**

This case is not a class action.

**10. Related Cases:**

The appeal of the judgment of the United States District Court for the Northern District of California, San Jose Division, in *Coalition for ICANN Transparency, Inc. v. VeriSign, Inc., and Internet Corporation for Assigned Names and Numbers,* Case No.05-4826 RMW (PVT), is now pending before the United States Court of Appeals for the Ninth Circuit, Court of Appeals Case No. 07-16151.

**11. Relief:**

Morrison seeks damages in the principal amount of $ 624,588.68, calculated from the unpaid invoices, plus interest from the due dates of the unpaid invoices at the legal rate under

California law of ten percent (10%) per annum ($171.12 per diem) That interest will total $125,426.31 as of March 19, 2008.

To the extent that the Court may find that Momentous has an obligation to pay Morrison's fees, Momentous will seek fee forfeiture based on unethical conduct.

**12. Settlement and ADR:**

The parties have agreed to private mediation before Hon. Eugene Lynch (Ret.) under the auspices of JAMS, on April 8, 2008.

**13. Consent to Magistrate Judge For All Purposes:**

Both parties have filed their written consents to have Magistrate Judge Chen conduct all further proceedings, including trial and entry of judgment.

**14. Other References:**

No other references are contemplated.

**15. Narrowing of Issues:**

The parties believe any fee forfeiture and alter ego issues should be tried to the Court. The remainder of the case should be tried to a jury subject to the further development of pleadings and claims in this case, as may be more fully briefed at an appropriate time.

**16. Expedited Schedule:**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling:**

<u>Morrison's Position:</u>

The dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial, all depend upon the timing of the depositions, particularly those that will take place in Canada.

<u>Momentous' Position:</u>

The case could be set for trial on a reasonably prompt timetable as currently pled; however, Morrison's proposed amendment of its pleadings would require substantial additional

time to litigate because it would, among other things, add a new defendant. Momentous believes that scheduling issues should be resolved after CFIT is joined to the litigation.

**18. Trial:**

The parties believe the fee forfeiture and alter ego issues should be tried to the Court and the rest of the case should be tried to a jury, subject to further development of the pleadings and case.

The parties estimate trial will take three to five days. The parties believe that the case cannot be set for trial until the pleadings are set and CFIT has answered the complaint.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Concurrently herewith each of the parties are filing a Certification of Interested Entities or Persons as required by Civil Local Rule 3-16. That certification identifies the following corporation known by the parties to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

**Coalition for ICANN Transparency, Inc., a Delaware Corporation.**

**20. Other Matters:**

The parties do not anticipate any other matters at this time.

Dated: March 12, 2008                              ADLER LAW FIRM


                                                   By:  /s/ Joel D. Adler
                                                        Joel D. Adler
                                                        Attorneys for Plaintiff
                                                        MORRISON & FOERSTER LLP

Dated: March 12, 2008                              STEIN & LUBIN LLP


                                                   By:  /s/ Jonathan Sommer
                                                        Jonathan Sommer
                                                        Attorneys for Defendant
                                                        MOMENTOUS.CA CORPORATION